FRANK A. HICK, APPELLANT, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLEE.

FILED JUNE 28, 1935. NO. 29336.

*Frank A. Dutton, John F. Rohn* and *Foster & Yates,* for appellant.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is a personal injury action in which plaintiff seeks recovery pursuant to the provisions of the federal employers' liability act. At the conclusion of plaintiff's evidence, the court, on motion of defendant, discharged the jury and entered a judgment of dismissal, on the grounds that the evidence was insufficient to prove actionable negligence and that plaintiff had assumed the risk of injury. Plaintiff has appealed.

June 6, 1932, while plaintiff was standing on the platform of a hand-truck, lifting cans of cream from the truck into a baggage car, he slipped upon the truck platform and received the injuries of which he complains. It is his contention that cream had either been spilled or had leaked from the cans upon the truck platform; that other employees of defendant had negligently spilled the cream upon the truck platform, or had placed the cans of cream over the spot where the cream had been spilled or had leaked; that, because of the fact that cream on the truck platform was concealed from his view, he had no knowledge of its presence and had not been warned thereof, and that, when he was lifting one of the cans of cream from the truck into the car, he stepped on the place where the cream was located on the platform of the truck, which caused him to slip and fall.

There is no evidence in the record as to when or how the cream came to be upon the truck platform. Plaintiff's evidence is to the effect that in warm weather the heat causes the cream in cans to expand and sometimes to overflow; also that sometimes a cream can will leak. It is a matter of conjecture and speculation as to when or how the cream came to be on the truck platform. There is no evidence that it was spilled there by any other employee, agent or servant of the defendant. There is no evidence that any employee, agent or servant of the defendant knew of its presence prior to the time of the accident. There is no evidence that the cream cans belonged to the defendant, and the presumption is that the cans of cream belonged

to some shipper and were simply being carried by the defendant.

In order to recover damages under the federal employers' liability act, plaintiff must allege and prove some act of negligence which is the proximate cause of his injury. In the instant case, clearly there is no evidence of any negligent act on the part of the defendant. There is no claim of any defect in the platform of the truck itself, other than that cream was upon it.

In this view of the case, the trial court was justified either in directing a verdict for defendant, or in discharging the jury and entering a judgment of dismissal. The conclusion reached upon this question renders it unnecessary to consider other questions presented and argued.

The record discloses no error prejudicial to plaintiff. Judgment

AFFIRMED.